*E-FILED: May 17, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KERANOS, LLC,<br><br>    Plaintiff,<br>  v.<br><br>SILICON STORAGE TECHNOLOGY, INC.; SEIKO EPSON CORPORATION; EPSON AMERICA, INC.; FREESCALE SEMICONDUCTOR, INC.; MICROCHIP TECHNOLOGY, INC.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG ELECTRONICS CO., LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; TAIWAN SEMICONDUCTOR MANUFACTURING CO., LTD.; TSMC NORTH AMERICA,<br><br>    Defendants.<br>_____/ | No. C13-80108MISC LHK (HRL)<br><br>**ORDER TERMINATING SILICON STORAGE TECHNOLOGY, INC.'S MOTION TO COMPEL WITHOUT PREJUDICE** |

On May 16, 2013, Silicon Storage Technology, Inc. (SST) filed the instant ancillary action, seeking an immediate *in camera* review to determine if some 470 pages of documents gathered in response to a non-party subpoena are privileged. On the record presented, the court declines to do so. To begin, this court has just received SST's papers; and, it is unrealistic to think that what SST would have this court do could feasibly be accomplished before the May 21, 2013 fact discovery cutoff. More to the point, there is no indication that anyone actually claims that the documents are privileged. And, SST says that it is still working on an agreement

that would permit STMicroelectronics (whom SST says holds the privilege) to review the documents and determine whether the privilege will even be asserted. Additionally, SST's papers raise the spectre of possible disputes over attorney-client privilege issues, and the court declines to issue an order compelling production of the subject documents without the benefit of hearing from all affected parties and non-parties, who currently are not before the court.

Accordingly, SST's motion to compel will be terminated, without prejudice to renew the request if a claim of privilege is actually made and a dispute arises as to the production of the documents. Be advised that this court does not entertain noticed discovery motions. Any such future application must be brought to the court's attention via a Discovery Dispute Joint Report (DDJR) in compliance with the undersigned's Standing Order re Civil Discovery Disputes. If a DDJR is filed, this court will give it as prompt attention as is feasible. But, to the extent SST has concerns about the May 21 fact discovery cutoff, those concerns will have to be addressed to the court in the underlying action.

SO ORDERED.

Dated: May 17, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-mc-80108-LHK Notice has been electronically mailed to:

James Carl Otteson jim@agilityiplaw.com, ana@agilityiplaw.com, susank@agilityiplaw.com, tracey@agilityiplaw.com, vincent@agilityiplaw.com

Michelle Gail Breit mbreit@agilityiplaw.com, shawkes@agilityiplaw.com

William Robert Pearson bpearson@kslaw.com

Jeffrey David Mills jmills@kslaw.com

Brian Christopher Banner bbanner@kslaw.com

Andrew W. Spangler spangler@spanglerlawpc.com